## Case No. 5,564.

GOODYEAR et al. v. CHAFFEE et al.

[3 Blatchf. 268.] [1]

Circuit Court, S. D. New York. May 4, 1853.

EQUITY PRACTICE—REGULARITY OF SERVICE—ANSWER—PATENTS—INFRINGEMENT IN ANOTHER DISTRICT—INJUNCTION.

1. A defendant who appears and puts in an answer in a suit in equity, waives all objections to the regularity of the service upon him of the subpoena to appear and answer.

2. Where it appeared, on a motion to this court for an injunction to restrain the infringement of a patent, that the infringing articles were made and sold in Rhode Island, and that the defendant resided there, and carried on there the business of making and selling the articles, the injunction was refused, on the ground that the defendant was beyond the process of injunction, that the issuing of it would be inoperative and useless, and that the proper place to file a bill for an injunction was in Rhode Island.

[Cited in Jones v. Osgood, Case No. 7,487; Mellen v. Ford, 28 Fed. 639.]

This was a bill in equity, filed by Charles Goodyear and four foreign corporations, two of New Jersey and two of Connecticut, against Edwin M. Chaffee and George O. Bourn, both of Providence, Rhode Island, and John Griswold and another of New York. The bill was founded on letters patent [No. 3,633] granted to Goodyear, June 15th, 1844, and reissued to him December 25th, 1849, [No. 156], commonly known as the "vulcanizing patent," for vulcanizing India rubber. It averred that, in July, 1848, those corporations became, by an agreement with Goodyear, which was recorded in the patent office in August, 1848, and which was still in force, the owners of the exclusive right to make and sell India rubber shoes under the patent; that Chaffee had notice of such agreement before he committed the infringements complained of; that those corporations were now in the enjoyment of the rights they had acquired under that agreement; that, since the reissue, Chaffee and Bourn, as partners with or interested with William W. Brown, of Providence, under the firm of E. M. Chaffee & Co., had made and sold shoes of vulcanized India rubber, in violation of the patent and of the rights of the plaintiffs; that, in June, 1853, 30,000 pairs of such shoes, made by the firm of E. M. Chaffee & Co., and the title to which was in them, had come into the possession of the other two defendants to be shipped to Europe for sale; that the four corporations had, for many years, been in the habit of sending large quantities of vulcanized India rubber shoes to Europe for sale, and of paying the plaintiff Goodyear a tariff on them; that the sale of the shoes in question would injure the plaintiffs; and that the members of the firm of E. M. Chaffee & Co. were unable to respond in damages. The bill prayed for an injunction to restrain Chaffee and Bourn from

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

making, using, or selling any articles in violation of the patent. The plaintiffs now moved for an injunction. It appeared that all the shoes made or sold by E. M. Chaffee & Co., were made and sold at Providence, Rhode Island. The defendant Bourn was not served with process. The defendant Chaffee was served in New York. It appeared that he had gone to New York in pursuance of a summons served upon him in Rhode Island, by the United States marshal there, to attend this court as a witness on the trial of a suit pending therein; that the sole purpose of his going to New York was to attend this court as a witness in that suit, and that he remained in New York for that purpose only; that he attended the court while that suit was on trial, as a witness therein; that, while so attending, and while the court was in session, and while that suit was on trial, he was served with the subpoena in this suit, in the court room, and in the actual presence of the court. It was, therefore, urged by the defendant Chaffee, in opposition to the motion for injunction, that he had not been regularly brought into court. Both Bourn and Chaffee had appeared and answered the bill.

James T. Brady, for plaintiffs.
Nathaniel Richardson, for defendants.

NELSON, Circuit Justice. 1. The defendant, Chaffee, waived any objection to the service of the subpoena, by causing his appearance to be entered and putting in an answer. It is unimportant, therefore, to inquire into the regularity of the service.

2. The motion for the injunction must be denied. The case shows that the defendants Bourn and Chaffee are residents of another jurisdiction, and carry on there the business which is claimed to be in violation of Goodyear's patent. They are consequently beyond the process of injunction, and the issuing of it would be inoperative and useless. If the plaintiffs desire to enjoin them, they must file their bill in the jurisdiction where the business complained of is carried on.

[See Case No. 5,561.
[For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]